# Exhibit 1

Docket 587
Page 568

CONTRACT SYMBOL AND NUMBER
I61r-2136

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF RECLAMATION

Contract and Grant of Easement

THIS CONTRACT, made this 1st day of August, 1949, pursuant to the * Act of Congress approved June 17, 1902, (32 Stat., 388), and acts amendatory thereof or supplementary thereto, and particularly pursuant to the * Act of Congress approved June 28, 1941 (55 Stat. 336), between THE UNITED STATES OF AMERICA, hereinafter referred to as United States, and Indian allottees and owners of the allotments and lands hereinafter described on the Salt River Indian Reservation, hereinafter collectively referred to as Vendor:

* See letter 1-11-52 ...

WITNESSETH:

The following grant and the following mutual covenants by and between the parties:

1. For the consideration hereinafter expressed Vendor does hereby grant unto the United States its successors and assigns, the right, privilege and easement to construct, operate and maintain an electric transmission line with all steel towers, cross arms, cables, wires, guys, supports, fixtures and devices used or useful in the operation of said line, through, over and across the allotments and lands of the Vendor in the Salt River Indian Reservation, State of Arizona. The route of said transmission line being more particularly shown and delineated on Drawing PPr-41 (Rev. 10-7-48) attached hereto and by this reference made a part hereof.

2. Said transmission line and every part thereof shall, where it crosses

Vendor's land, be confined to lands within 62½ feet of either side of the hereinabove described center line, ~~except that the United States shall have the right and privilege of placing and maintaining guys and anchorages at greater distances from said center line where reasonably necessary to support said transmission line.~~ /s/ J. A. M.

3. The grant of easement herein contained shall include the right to enter upon said premises, survey, construct, maintain, operate, control and use said transmission line and to remove objects interfering therewith, and the right to permit the attachment of wires of others. Vendor reserves the right to cultivate, use and occupy said premises for any purpose consistent with the rights and privileges above granted and which will not interfere with or endanger any of the equipment of the United States or the use thereof. In case of permanent abandonment of said right of way, the title and interest herein granted shall end, cease and determine. The United States shall use due care in the construction and maintenance of said transmission line.

4. The grant of easement herein contained is subject to existing rights of way for highways, roads, railroads, canals, laterals, ditches, oil and gas pipelines, other electrical transmission lines and telegraph and telephone lines covering any part of the above described land.

5. As complete consideration for the above grant of easement, the United States agrees to pay Vendor a sum to be fixed by the Secretary of the Interior, (which sum shall be established by an appraisal board as are the sums paid for right of way outside the Salt River Indian Reservation) it being understood and agreed that payment or credit to the individual allottees and owners of interests in allotments shall be in the amounts set opposite each signature at the end hereof. It is further understood and agreed that damages

to trees, seedlings, vines and crops of whatsoever nature, caused by construction of said transmission line, shall be compensated for separately on the basis of an appraisal to be made by the Bureau of Reclamation at the time said damages occur. Such appraisal shall be approved by the Secretary of the Interior.

6. No Member of or Delegate to Congress or Resident Commissioner shall be admitted to any share or part of this contract or to any benefit that may arise herefrom, but this restriction shall not be construed to extend to this contract if made with a corporation or company for its general benefit.

IN WITNESS WHEREOF, the parties hereto have caused this agreement to be executed the day year first above written.

THE UNITED STATES OF AMERICA

By S. A. McWilliams
Project Engineer

BOOK 587 PAGE 571

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| 585<br>G.R.I.D. | Harry Allison Jr. (signature)<br>Harry Allison Jr.<br>(Franklin Allison)<br>W. W. Murray (signature)<br>Witness<br>W. W. Buck (signature)<br>Witness | 559-150-1/18 | W½NE¼SW¼ 13-2-5 | 1320.88 | 73.39 | 1.49 | 1.49 |
| 606<br>G.R.I.D. | Lena Allison (signature)<br>Lena Allison<br>(Nadine Allison)<br>W. W. Murray (signature)<br>Witness<br>W. W. Buck (signature)<br>Witness | 559-150-1/18 | W½NE¼SW¼ 13-2-5 | 1320.88 | 73.38 | 1.49 | 1.49 |
| 67 | Edgar Anton (signature)<br>Edgar Anton<br>W. W. Murray (signature)<br>Witness<br>W. W. Buck (signature)<br>Witness | | W½NE¼NW¼ 35-3-5 | 1043.62 | 1043.62 | 22.43 | 22.43 |
| his mark<br>63 | James Anton (signature)<br>James Anton<br>W. W. Murray (signature)<br>Witness<br>W. W. Buck (signature)<br>Witness | 61-1/4 | E½NE¼NW¼ 35-3-5<br>E½SE¼NW¼ 35-3-5 | 588.13<br>526.55 | 588.13<br>131.64 | 12.68<br>2.83 | 15.51 |

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| 62 | Wilson Anten | 61-1/4 | $E\frac{1}{2}SE\frac{1}{4}NW\frac{1}{4}$ 35-3-5 | 526.55 | 131.64 | 2.83 | 2.83 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 474 | Agnes Manuel Burns | 472-1/12 | $W\frac{1}{2}NE\frac{1}{4}SW\frac{1}{4}$ 12-2-5 | 1319.83 | 109.99 | 2.10 | 2.10 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 149 | Ben Chiago | 559-3/18 | $W\frac{1}{2}NE\frac{1}{4}SW\frac{1}{4}$ 13-2-5 | 1320.88 | 220.14 | 4.46 | 4.46 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 7856-ID | Margaret Chiago | 559-3/18 | $W\frac{1}{2}NE\frac{1}{4}SW\frac{1}{4}$ 13-2-5 | 1320.88 | 220.14 | 4.46 | 4.46 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 271 G.R.I.D. | Daisy Enos (Daisy Ennis) (Mrs. Jasper Baptisto) | 208-210-7170-2976-$\frac{451}{7938}$ | $E\frac{1}{2}SW\frac{1}{4}NW\frac{1}{4}$ 1-2-5 | 711.90 | 40.45 | .86 | |
| | | 211-210-7170-2976-$\frac{451}{7938}$ | Lot No. 10 1-2-5 | 1117.05 | 63.47 | 1.36 | |
| | | 210-7170-2976-$\frac{902}{7938}$ | Lot No. 9 1-2-5 | 405.15 | 46.04 | .98 | 3.20 |
| | Witness | | | | | | |
| | Witness | | | | | | |

DOCKET 587 PAGE 573

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| | By: | | | | | | |
| 238 | Louis Enos (Estate) | 415-6/12 | W½NE¼NW¼ 12-2-5 | 1318.13 | 659.07 | 12.15 | 12.15 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 272 G.R.I.D. | Iva Ennis | 208-210-7170-2976-451/7938 | E½SW¼NW¼ 1-2-5 | 711.90 | 40.44 | .86 | |
| | | 211-210-7170-2976-451/7938 | Lot No. 10 1-2-5 | 1117.05 | 63.47 | 1.36 | |
| | Witness | 210-7170-2976-902/7938 | Lot No. 9 1-2-5 | 405.15 | 46.04 | .98 | 3.20 |
| | Witness | | | | | | |
| 273 G.R.I.D. | Olin Ennis | 208-210-7170-2976-451/7938 | E½SW¼NW¼ 1-2-5 | 711.90 | 40.44 | .86 | |
| | | 210-7170-2976-902/7938 | Lot No. 9 1-2-5 | 405.15 | 46.03 | .98 | |
| | Witness | 211-210-7170-2976-451/7938 | Lot No. 10 1-2-5 | 1117.05 | 63.47 | 1.36 | 3.20 |
| | Witness | | | | | | |
| 3658 G.R.I.D. | Thelma Ennis (Delma Ray or Anita) | 208-210-7170-2976-524/7938 | E½SW¼NW¼ 1-2-5 | 711.90 | 46.99 | 1.00 | |
| | | 210-7170-2976-1048/7938 | Lot No. 9 1-2-5 | 405.15 | 53.49 | 1.14 | |
| | Witness | 211-210-7170-2976-524/7938 | Lot No. 10 1-2-5 | 1117.05 | 73.73 | 1.58 | 3.72 |
| | Witness | | | | | | |
| 260 | William French No. 1 | | W½SE¼SW¼ 1-2-5 | 1317.74 | 1317.74 | 24.37 | 24.37 |
| | Witness | | | | | | |
| | Witness | | | | | | |

587 PAGE 574

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| 272 | William Goodwin<br>Witness<br>Witness | 660-All | $W\frac{1}{2}SE\frac{1}{4}NW\frac{1}{4}$ 13-2-5 | 1320.57 | 1320.57 | 26.85 | 26.85 |
| 347 | Anna Johnson Hill<br>Witness<br>Witness | 208-346- $\frac{3969}{7938}$<br>211-346- $\frac{3969}{7938}$ | $E\frac{1}{2}SW\frac{1}{4}NW\frac{1}{4}$ 1-2-5<br>Lot No. 10 1-2-5 | 711.90<br>1117.05 | 355.95<br>558.52 | 7.61<br>12.00 | 19.61 |
| 755/753 | David Johnson<br>Witness<br>Witness | 355-1/3 | $E\frac{1}{2}SE\frac{1}{4}SE\frac{1}{4}$ 35-3-5 | 1000.93 | 333.64 | 7.18 | 7.18 |
| 357 | Effie Johnson<br>Witness<br>Witness | 355-1/3 | $W\frac{1}{2}NE\frac{1}{4}SE\frac{1}{4}$ 35-3-5<br>$E\frac{1}{2}SE\frac{1}{4}SE\frac{1}{4}$ 35-3-5 | 482.41<br>1000.93 | 482.41<br>333.64 | 10.35<br>7.18 | 17.53 |
| 877 | John Johnson<br>Witness<br>Witness | His Mark<br>878-All | $W\frac{1}{2}NW\frac{1}{4}NE\frac{1}{4}NW\frac{1}{4}$ 36-2-5 | 658.50<br>Removal of adobe house | 658.50 | 134.25<br>250.00 | 384.25 |

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| HER MARK 356 | Mary Johnson (signed: Mary Johnson)<br>Witness<br>Witness | 355-1/3 LI | W½SE¼SE¼ 35-3-5<br>E½SE¼SE¼ 35-3-5 | 631.57<br>1000.93 | 631.57<br>333.65 | 13.58<br>7.17 | 20.75 |
| 386 | Stephen Juan (signed: Stephen Juan)<br>Witness<br>Witness | 559-150-1/18 LI | W½NE¼SW¼ 13-2-5 | 1320.88 | 73.39 | 1.49 | 1.49 |
| 804 | Elarli Leftic (signed: Elarli Leftic)<br>Witness<br>Witness | 417-1/6<br>415-1/12 | W½SE¼NW¼ 12-2-5<br>W½NE¼NW¼ 12-2-5 | 1318.13<br>1318.13 | 219.69<br>109.84 | 4.10<br>2.02 | 6.12 |
| ✓ 420 | By: [signature]<br>Howard Elsmere Leftic (Absentee)<br>Witness<br>Witness | 415-1/12<br>417-1/6 | W½NE¼NW¼ 12-2-5<br>W½SE¼NW¼ 12-2-5 | 1318.13<br>1318.13 | 109.85<br>219.69 | 2.02<br>4.10 | 6.12 |
| 413 | Samuel Leftic (signed: Samuel Leftic)<br>Witness<br>Witness | 415-3/12<br>417-3/6 | W½NE¼NW¼ 12-2-5<br>W½SE¼NW¼ 12-2-5 | 1318.13<br>1318.13 | 329.53<br>659.07 | 6.09<br>12.30 | 18.39 |

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| 2518 G.R. | Lahena Lewis (Longina Lewis) | 211-210-7170-2976-1453/7938 LI | Lot No. 10 1-2-5 | 1117.05 | 204.47 | 4.40 | |
| | | 211-210-7170-2976-639/7938 | Lot No. 10 1-2-5 | 1117.05 | 89.92 | 1.94 | |
| | (Mrs. Francisco Manuel) | 210-7170-2976-2906/7938 LI | Lot No. 9 1-2-5 | 405.15 | 148.31 | 3.16 | |
| | Witness | 210-7170-2976-1278/7938 | Lot No. 9 1-2-5 | 405.15 | 65.24 | 1.39 | |
| | | 208-210-7170-2976-1453/7938 | $E\frac{1}{2}SW\frac{1}{4}NW\frac{1}{4}$ 1-2-5 | 711.90 | 130.31 | 2.79 | |
| | Witness | 208-210-7170-2976-639/7938 | $E\frac{1}{2}SW\frac{1}{4}NW\frac{1}{4}$ 1-2-5 | 711.90 | 57.32 | 1.24 | 14.92 |
| 7567-ID | Addison Manuel | 472- 1/12 | $W\frac{1}{2}NE\frac{1}{4}SW\frac{1}{4}$ 12-2-5 | 1319.83 | 109.98 | 2.10 | 2.10 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 8171-ID | Edmond Lee Manuel Jr. | 472- 1/12 | $W\frac{1}{2}NE\frac{1}{4}SW\frac{1}{4}$ 12-2-5 | 1319.83 | 109.99 | 2.10 | 2.10 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 7565-ID | By: Herman Clay Manuel (Estate) | 472- 1/12 | $W\frac{1}{2}NE\frac{1}{4}SW\frac{1}{4}$ 12-2-5 | 1319.83 | 109.99 | 2.10 | 2.10 |
| | Witness | | | | | | |
| | Witness | | | | | | |

DOCKET 587 PAGE 577

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| 471 | Joseph Manuel | (Est.) 472- 4/12 LI | W½NE¼SW¼ 12-2-5<br>W½SE¼SW¼ 12-2-5 | 1319.83<br>1319.82 | 439.94<br>1319.82 | 8.40<br>26.10 | 34.50 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 467 | Kino Manuel | 777-7626-ID- 2/36 LI<br>781-777-7626-ID-1/36 LI | N½NW¼NE¼SW¼ 36-2-5<br>N½SW¼NE¼SW¼ 36-2-5 | 330.0<br>330.0 | 18.5<br>9.2 | 3.62<br>1.81 | 5.43 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 7566 ID | Lorina Lee Manuel (Lorrine) | 472- 1/12 | W½NE¼SW¼ 12-2-5 | 1319.83 | 109.99 | 2.10 | 2.10 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 8048 ID | Rosetta May Manuel | 472- 1/12 | W½NE¼SW¼ 12-2-5 | 1319.83 | 109.98 | 2.10 | 2.10 |
| | Witness | | | | | | |
| | Witness | | | | | | |
| 7626 ID | Viola Manuel | 781-777- 2/36<br>777- 2/18 | N½SW¼NE¼SW¼ 36-2-5<br>N½NW¼NE¼SW¼ 36-2-5 | 330.0<br>330.0 | 18.3<br>36.5 | 3.62<br>7.24 | 10.86 |
| | Witness | | | | | | |
| | Witness | | | | | | |

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| 7923 ID | Clyde Matthews<br>Witness<br>Witness | 490-487- 1/5 | $W\frac{1}{2}NE\frac{1}{4}NW\frac{1}{4}$ 13-2-5 | 1320.56 | 264.11 | 5.32 | 5.32 |
| By:<br>489 | Etta Matthews<br>(Mrs. James Thompson)<br>By:<br>Witness<br>Witness | 490-487- 1/5<br>(Estate) | $W\frac{1}{2}NE\frac{1}{4}NW\frac{1}{4}$ 13-2-5 | 1320.56 | 264.11 | 5.32 | 5.32 |
| 1666 G.R. | Joseph Matthews<br>Witness<br>Witness | 490-487- 1/5 | $W\frac{1}{2}NE\frac{1}{4}NW\frac{1}{4}$ 13-2-5 | 1320.56 | 264.12 | 5.32 | 5.32 |
| 4483 G.R. | Lydia Matthews<br>Witness<br>Witness | 490-487- 1/5 | $W\frac{1}{2}NE\frac{1}{4}NW\frac{1}{4}$ 13-2-5 | 1320.56 | 264.11 | 5.33 | 5.33 |
| 1665 G.R. | Paul Matthews<br>Witness<br>Witness | 490-487- 1/5 | $W\frac{1}{2}NE\frac{1}{4}NW\frac{1}{4}$ 13-2-5 | 1320.56 | 264.11 | 5.33 | 5.33 |

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| 518 | Daisy Moore<br>Witness<br>Witness | 559- 9/18 | W½NE¼SW¼ 13-2-5 | 1320.88 | 660.44 | 13.38 | 13.38 |
| 473 | Edith Paull<br>(Edith Manuel)<br>(Mrs. George Paull)<br>Witness<br>Witness | 627- 1/2 | W½SE¼SW¼ 13-2-5 | 1320.88 | 660.44 | 13.27 | 13.27 |
| 581 | George Paul<br>Witness<br>Witness | 578-580-All | Lot No. 7 24-2-5<br>W½NE¼NW¼ 24-2-5 | 524.0<br>1321.07 | 524.0<br>1321.07 | 10.50<br>26.47 | 36.97 |
| By:<br>Unalloted | Augustine Peter<br>(Estate)<br>Witness<br>Witness | 417-1/6 Not Prob.<br>415-1/12 Not Prob. | W⅓SE¼NW¼ 12-2-5<br>W½NE¼NW¼ 12-2-5 | 1318.13<br>1318.13 | 219.68<br>109.84 | 4.10<br>2.02 | 6.12 |
| 780 | Iva Phillips<br>(Mrs. Ralph Eschief)<br>Witness<br>Witness | 781-777-3/36<br>777-3/18 | N½SW¼NE¼SW¼ 36-2-5<br>N½NW¼NE¼SW¼ 36-2-5 | 330.0<br>330.0 | 27.5<br>55.0 | 5.43<br>10.88 | 16.31 |

587 PAGE 580

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| 783 | Jones Phillips (signed) Jones Phillips<br>Witness<br>Witness | 777-3/18<br>781-777-3/36 | N½NW¼NE¼SW¼ 36-2-5<br>N½S½SW¼NE¼SW¼ 36-2-5<br>N½SW¼NE¼SW¼ 36-2-5 | 330.0<br>165.0<br>330.0 | 55.0<br>165.0<br>27.5 | 10.88<br>33.00<br>5.43 | 49.31 |
| 778 | By: (signed)<br>Leida Phillips (Estate)<br>Witness<br>Sammy Hernandez (signed)<br>Witness | 781-18/36<br>781-777-6/36 LI<br>777-6/18 LI | N½SW¼NE¼SW¼ 36-2-5<br>N½SW¼NE¼SW¼ 36-2-5<br>N½NW¼NE¼SW¼ 36-2-5 | 330.0<br>330.0<br>330.0 | 165.0<br>55.0<br>110.0 | 32.63<br>10.88<br>21.75 | 65.26 |
| 779 | Martha Phillips (signed)<br>Martha Phillips<br>(Mrs. Jose Manuel)<br>Witness<br>Witness | 781-777-3/36<br>777-6/36 | N½SW¼NE¼SW¼ 36-2-5<br>N½NW¼NE¼SW¼ 36-2-5 | 330.0<br>330.0 | 27.5<br>55.0 | 5.44<br>10.88 | 16.32 |
| 597 | Mollie Ray (signed)<br>Mollie Ray<br>(Mrs. Robert Ray)<br>Witness<br>Ed Washington (signed)<br>Witness | 61-1/4 | E½SE¼NW¼ 35-3-5 | 526.55 | 131.63 | 2.83 | 2.83 |
| 599 | HER MARK<br>Mary Ignacia Roy (signed)<br>Mary Ignacia Roy<br>Witness<br>Witness | | Lot No. 5 2-2-5 | 113.75 | 113.75 | 2.40 | 2.40 |

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| 7564 ID | Elva Lee Manuel<br>Elva Lee Manuel Shaw<br>W. W. Murray<br>Witness<br>Ed J Washington<br>Witness | 472-1/12 | W½NE¼SW¼ 12-2-5 | 1319.83 | 109.99 | 2.10 | 2.10 |
| 631 | Memson Sinich<br>Memson Sinich<br>W. W. Murray<br>Witness<br>W. W. Pauch<br>Witness | 629-2/3 | W½SW¼NE¼ 35-3-5<br>W½NW¼SE¼ 35-3-5 | 1105.20<br>24.86 | 736.8<br>24.86 | 15.85<br>.98 | 16.83 |
| HER MARK<br>630 | Mollie Sinich<br>Mollie Sinich<br>W. W. Murray<br>Witness<br>Ed J Washington<br>Witness | 629-1/3 LI | E½NW¼SE¼ 35-3-5<br>W½SW¼NE¼ 35-3-5 | 1125.23<br>1105.20 | 1125.23<br>368.40 | 24.23<br>7.93 | 32.16 |
| 945 | Chappo Thomas HIS MARK<br>Chappo Thomas<br>W. W. Murray<br>Witness<br>Edward J. Washington<br>Witness | 946-All Est | N½SW¼ Lot No. 3 36-2-5<br>S½SW¼ Lot No. 3 36-2-5 | 312.58<br>312.58 | 312.58<br>312.58 | 68.25<br>68.25 | 136.50 |
| HER MARK<br>1034<br>G.R. | Louise Thomas<br>Louise Thomas<br>(Mrs. Juan Anton Thomas)<br>W. W. Murray<br>Witness<br>W. W. Burk<br>Witness | 61-1/4 | E½SE¼NW¼ 35-3-5 | 526.55 | 131.64 | 2.84 | 2.84 |

587 PAGE 582

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| By: 325-G.R. | Sava Malie Terry (Mrs. Daniel Terry)<br>Witness<br>Witness | 627-1/2 Not Prob. (Estate) | W½SE¼SW¼ 13-2-5 | 1320.88 | 660.44 | 13.28 | 13.28 |
| 962 | George Vest<br>Witness<br>Witness | 917-All<br>916-917-All | W½NW¼SE¼NW¼ 36-2-5<br>W½SW¼SE¼NW¼ 36-2-5 | 658.50<br>658.50 | 658.50<br>658.50 | 131.25<br>129.75 | 261.00 |
| 792 | Louis Vest<br>Witness<br>Witness | | W½NE¼SW¼ 1-2-5 | 1317.73 | 1317.73 | 24.75 | 24.75 |
| 969 | May Vest<br>Witness<br>Witness | | N½NW¼ Lot No. 3 36-2-5 | 312.58 | 312.58 | 63.75 | 63.75 |
| 6174 G.R.I.D. | Hilda Wellington<br>Witness<br>Witness | 472-1/12 | W½NE¼SW¼ 12-2-5 | 1319.83 | 109.98 | 2.10 | 2.10 |

| Allot. No. | Name of Allottee | Allotment Number & Inheritive Interest | Land Description | Length of R/W in feet | Length of R/W Interest | Payment | Total Payment |
|---|---|---|---|---|---|---|---|
| 152 | Rose Chiago<br>Rose Chiago<br>[signature]<br>Witness<br>[signature]<br>Witness | | $E\frac{1}{2}SW\frac{1}{4}NE\frac{1}{4}$ | Centerline does not cross. | | .45 | .45 |



7

CERTIFICATE

I, S. A. McWilliams, do hereby certify that, to the best of my knowledge and belief, the statutory provisions and restrictions and the rights of the United States and third persons under reservations, if any, contained in the Allotment Deeds will not adversely affect the transmission line easement as described in that certain Contract and Grant of Easement dated August 1, 1949 and signed by Allottees of the Salt River Pima-Maricopa Indian Community; that nothing has occurred since October 28, 1949 to adversely affect the Allottees' title thereto; that the Contract and Grant of Easement has been recorded in Docket 587, pages 568 to 590, inclusive, of the Records of Maricopa County, Arizona; that the Contract has been noted on the records of the Bureau of Land Management as Serial Number Arizona 0241, and in the records of the Salt River Pima-Maricopa Indian Agency, Office of Indian Affairs, Department of the Interior.

Dated at Phoenix, Arizona, this 4th day of August, 1950.

S. A. McWilliams

S. A. McWilliams
Project Engineer
Bureau of Reclamation

CERTIFICATE

I, A. E. Robinson, Superintendent of the Pima Indian Agency, Sacaton, Arizona, do hereby certify that the Grantors signing a certain Contract and Grant of Easement dated August 1, 1949, which grants unto the United States, its successors and assigns, the right, privilege and easement to construct, operate and maintain an electric transmission line with all appurtenances and fixtures, through, over and across the allotment and lands in the Salt River Indian Reservation, State of Arizona, are the sole owners and claimants of the lands, the descriptions of which are set opposite their respective signatures, as shown by the records of the Salt River Pima-Maricopa Indian Agency, and that they are free of incumbrances as shown by those records and any charges or other obligations authorized under the Constitution and By-laws of the Salt River Pima-Maricopa Indian Community.

A E Robinson

A. E. Robinson
Superintendent

Dated ... 1950

PHOTOSTATED COMPARED INDEXED PAGES

STATE OF ARIZONA, County of Maricopa; ss. 49802

I do hereby certify that the within instrument was filed and recorded at request of U. S. Bureau of Reclamation 1950 JUN 27 11 53, Docket 587, Page 568-590, Inc., Records of Maricopa County, Arizona.

WITNESS my hand and official seal the day and year first above written.

ROGER G. LAVENE
County Recorder

$4.30

P.O.Box 392,Phx.

By /s/ Anna C. Gostes,Deputy

# Exhibit 2

A full size copy of the attached map can me made available to the Court upon request.


RESERVATION FOR RIGHT OF WAY
SALT RIVER INDIAN RESERVATION
230-KV TRANSMISSION LINE
PRESCOTT TO PHOENIX
PRESCOTT — PHOENIX 230-KV TRANSMISSION LINE
BOUNDARY SALT RIVER INDIAN RESERVATION

# Exhibit 3

SALT RIVER

PIMA-MARICOPA INDIAN COMMUNITY

10005 East Osborn Road / Scottsdale, Arizona 85256-9722 / Phone (480) 362-7400 / Fax (480) 362-7593

October 31, 2007

Mr. J. Tyler Carlson
Regional Manager
Desert Southwest Region
Western Area Power Administration
P.O. Box 6457
Phoenix, AZ 85005-6457

Mr. Timothy Weeks
WAPA Administrator
Western Area Power Administration
P.O. Box 281213
Lakewood, CO 80228-8213

Liova D. Juárez, Esq.
General Counsel
Western Area Power Administration
P.O. Box 281213
Lakewood, CO 80228-8213

Office of the General Counsel
David R. Hill, General Counsel (GC-1)
U.S. Department of Energy
Room 6A-245
1000 Independence Avenue, SW
Washington, D.C. 20585

Dear Counsel and Gentlemen:

I am writing to you on behalf of the Salt River Pima-Maricopa Indian Community ("the Community") and as an authorized agent of the members of the Community identified in Exhibit A, attached hereto ("allottees"), with regard to a right-of-way purportedly held by Western Area Power Administration ("WAPA"). This right-of-way serves two 230-kv transmission lines that traverse the Community's land and land in which the allottees either currently possess, or have possessed, an interest during the time period from when the right-of-way expired on March 30, 2000 to present.

According to our records, on August 1, 1949, a project engineer with the Bureau of Reclamation executed a "Contract and Grant of Easement" between the United States and "Indian allottees" providing for the grant of an easement to the United States "to construct, operate and maintain an electric transmission line." (*See* Exhibit B, attached hereto.) In a resolution dated September 21, 1949, the Community Council authorized the construction of a transmission line across certain portions of the Community's land. (*See* Exhibit C, attached hereto.)

On December 17, 1951, Commissioner D.S. Myer approved the right-of-way by endorsing his approval on the map of definite location and stating that the right-of-way is "approved for a period not to exceed 50 years from March 29, 1950." (*See* Exhibit D, attached hereto.) Moreover, regulations approved on August 10, 1951 provide that grants of rights-of-

way for transmission lines shall be for a period not exceeding 50 years. *See* 25 C.F.R. Part 256. In addition, the right-of-way did not recognize, and the Bureau of Reclamation failed to obtain, the requisite consent with respect to three tribal parcels and twenty-five (25) allotments over which the Bureau of Reclamation constructed the transmission line.

In short, WAPA does not have any right to occupy the affected land. **Accordingly, the** Community and the allottees demand that WAPA cease and desist its **continuing occupation of** the affected land and remove the transmission lines traversing **the Community's** and the allottees' land and restore the land to its original condition. In addition, pursuant to 28 U.S.C. § 2675, the Community and the allottees hereby present to WAPA their claim of damages for trespass and related claims in the aggregate amount of $129 million. The Community and each allottee claim the portion of that $129 million in the amounts identified in Exhibit A, attached hereto.

If you have any inquiries regarding this matter, please contact Robert L. Hunter, Jr., General Counsel of the Salt River Pima-Maricopa Indian Community at (480) 362-7449. We look forward to your prompt response.

Sincerely,

Diane Enos
President

Attach: Exhibits A-D

# Exhibit 4

**SALT RIVER**
**PIMA-MARICOPA INDIAN**
**COMMUNITY**

10005 East Osborn Road / Scottsdale, Arizona 85256-9722 / Phone (480) 362-7400 / Fax (480) 362-7593

November 6, 2007

Mr. J. Tyler Carlson
Regional Manager
Desert Southwest Region
Western Area Power Administration
P.O. Box 6457
Phoenix, AZ 85005-6457

Mr. Timothy Weeks
WAPA Administrator
Western Area Power Administration
P.O. Box 281213
Lakewood, CO 80228-8213

Liova D. Juárez, Esq.
General Counsel
Western Area Power Administration
P.O. Box 281213
Lakewood, CO 80228-8213

Office of the General Counsel
David R. Hill, General Counsel (GC-1)
U.S. Department of Energy
Room 6A-245
1000 Independence Avenue, SW
Washington, D.C. 20585

Dear Counsel and Gentlemen:

I am writing to you on behalf of the Salt River Pima-Maricopa Indian Community ("the Community") and as an authorized agent of the members of the Community identified in Exhibit A, attached hereto ("allottees"), with regard to a right-of-way held by Western Area Power Administration ("WAPA"). This right-of-way serves two 230-kv transmission lines that traverse the Community's land and land in which the allottees either currently possess, or have possessed, an interest during the time period from when the right-of-way expired on March 30, 2000 to present.

According to our records, on August 1, 1949, a project engineer with the Bureau of Reclamation executed a "Contract and Grant of Easement" between the United States and "Indian allottees" providing for the grant of an easement to the United States "to construct, operate and maintain an electric transmission line." (*See* Exhibit B, attached hereto.) In two resolutions dated September 21, 1949, the Community Council authorized the construction and operation of a transmission line across certain portions of the Community's land and approved the amounts appraised for each of the tribal parcels therein identified. (*See* Exhibit C, attached hereto.)

On December 17, 1951, Commissioner D.S. Myer approved the right-of-way by endorsing his approval on the map of definite location and stating that the right-of-way is "approved for a period not to exceed 50 years from March 29, 1950." (*See* Exhibit D, attached hereto.) Regulations approved on August 10, 1951 provide that grants of rights-of-way for transmission lines shall be for

a period not exceeding 50 years. *See* 25 C.F.R. Part 256. The Bureau of Reclamation paid a total of $1,493.66 for use of the allotted lands and $335.75 for use of the Community's land.

Despite the expiration of the right-of-way on March 30, 2000 and the Community's subsequent demand to WAPA to vacate, which the Community and allottees do not withdraw, WAPA has continued to occupy the right-of-way without compensating the Community or the allottees. Accordingly, it is liable to the Community and the allottees in the aggregate amount of $9,511,372.[1] The Community and each allottee claim the portion of that $9,511,372 in the amounts identified in Exhibit A, attached hereto.

The Community and allottees consider this to be a claim in dispute pursuant to the Contract Disputes Act. We request a Contracting Officer's written decision within sixty (60) days as provided in that Act.

Pursuant to 41 U.S.C. § 605 (c)(1), I hereby certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the amount for which WAPA is liable; and I am duly authorized to certify the claim on behalf of the Community and allottees.

If you have any inquiries regarding this matter, please contact Robert L. Hunter, General Counsel of the Salt River Pima-Maricopa Indian Community. We look forward to your prompt response.

Sincerely,

Diane Enos

Diane Enos, President
Salt River Pima-Maricopa Indian Community

[1] Pursuant to 28 U.S.C. § 2675, the Community and allottees presented to WAPA their claim of damages for trespass and related claims in the aggregate amount of $129 million.

# Exhibit 5

**Department of Energy**
Western Area Power Administration
P.O. Box 281213
Lakewood, CO 80228-8213

FEB 12 2008

CERTIFIED MAIL

Diane Enos
President
Salt River Pima-Maricopa
Indian Community
10005 East Osborn Road
Scottsdale, AZ 85256-9722

RECEIVED
6 2008
SRPMIC
Office of the General Counsel

Dear Ms. Enos:

In a letter dated November 6, 2007, you submitted a claim under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 601 et seq., on behalf of the Salt River Pima-Maricopa Indian Community (Community) and as an authorized agent for certain identified Community members (allottees). The claim alleges that the right-of-way over which two Western Area Power Administration (Western) transmission lines traverse the Community's land, and land in which the allottees have or have had an interest, expired on March 30, 2000. The Community and the allottees claim that Western is liable under the CDA in the amount of $9,511,372 for its continued occupation of the right-of-way.

On January 14, 2008, I sent you a letter acknowledging receipt of the claim and informing you that Western would likely issue a decision on the claim within thirty (30) days.

After careful review I reject the claim. It is not clear that a contract subject to the CDA exists here. Regardless, under the CDA, each claim by a contractor shall be submitted within six years after the accrual of the claim. You allege that Western's right to occupy the right-or-way expired on March 30, 2000. However, your claim was not submitted until November 2007, more than seven years later, and you have provided no information explaining why your claim should be considered timely.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claims procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the

agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims (except as provided in the CDA regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely,

Steven W. Webber
Contracting Officer and
Lead Realty Specialist

**United States Department of Energy**
Western Area Power Administration
P.O. Box 281213
Lakewood, CO 80228-8213

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

RECEIVED
FEB '08
ADMINISTRATION

RETURN RECEIPT REQUESTED

CERTIFIED MAIL

7005 3110 0002 7986 6636

Diane Enos
President
Salt River Pima-Maricopa
Indian Community
10005 East Osborn Road
Scottsdale, AZ 85256-9722

RETURN RECEIPT REQUESTED

85256+4019